UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE J. REED,

          Plaintiff,          Case No. 2:10-cv-306

v.          Honorable R. Allan Edgar

BARAGA MAXIMUM CORRECTIONAL
FACILITY et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated at the Baraga Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues the Baraga Maximum Correctional Facility, Warden Gary Capello and Assistant Resident Unit Supervisor Brandon Sweeney.

Plaintiff claims that he is a security level II prisoner, but is being arbitrarily held in a level V facility as the result of a "management point level scheme," which is designed to keep the higher level facilities at full capacity. Plaintiff further alleges that Defendant Sweeney uses the disciplinary system to keep prisoners classified at higher security levels. Plaintiff contends that Defendant Sweeney had a corrections officer write a false misconduct ticket against him in order to get Plaintiff classified to administrative segregation on August 18, 2010. Plaintiff claims that while the charge was false, the hearing officer would credit the corrections officer's word over his own, so he pleaded guilty to the charge in order to get a lesser sanction. Plaintiff also claims that his placement in level V violates state law requiring that prisoners be confined at their true confinement level.

Plaintiff seeks injunctive relief and damages of $100,000.

III.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As an initial matter, Plaintiff may not maintain an action against the Baraga Maximum Correctional Facility (AMF). An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). AMF is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't*

*of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Baraga, therefore, is not subject to a section 1983 action.

Plaintiff also fails to state a due process claim against Defendants Capello and Sweeney arising from his alleged placement above his true security classification. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in his security classification. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v.*

*Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *see also Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification). Plaintiff, therefore, fails to state a due process claim arising from his placement at level V.

Plaintiff also fails to state a claim against Defendant Sweeney arising from his placement in administrative segregation on August 18, 2010.[1] Generally courts will consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship." *Harden-Bey*, 524 F.3d at 793. In *Sandin*, the Supreme Court concluded that disciplinary segregation for thirty days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486. Likewise, the Sixth Circuit has often held that administrative segregation alone does not involve an "atypical and significant" hardship implicating a protected liberty interest. *See e.g., Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (two-and-a-half years of segregation while inmate was investigated for murder of prison guard in riot was not an atypical and significant hardship); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) ( placement in administrative segregation without a hearing did not rise to the level of an "atypical and significant hardship"); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault was not an atypical and significant hardship). The Sixth Circuit had held that a prisoner

---

[1] Plaintiff does not appear to directly challenge the alleged false misconduct charge. Even if he did, Plaintiff waived his claim by pleading guilty to the charge. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

may present a § 1983 claim alleging that placement in administrative segregation is "atypical and significant in relation to the ordinary incidents of prison life" only in extreme circumstances. *See Harden-Bey*, 524 F.3d at 795.

Here, nothing in Plaintiff's complaint suggests that there is anything "atypical and significant" about his stay in administrative segregation. Assuming Plaintiff has remained in segregation since August 18, 2010, the duration of his confinement had not been sufficiently long to implicate the Due Process Clause. *See Jones*, 155 F.3d at 812-13; *Rimmer-Bey*, 62 F.3d 789. Furthermore, even assuming Michigan administrative rules required a hearing prior to placement in administrative segregation, such a regulation would not create a liberty interest even if the regulation incorporates "language of an unmistakably mandatory character." *Sandin*, 515 U.S. at 480; *Rimmer-Bey*, 62 F.3d at 790-91 (holding there was no liberty interest even if Michigan prison regulations contained mandatory language providing an administrative hearing before placement in administrative segregation). Because Plaintiff has failed to provide any reason why his placement in administrative segregation is "atypical and significant," he fails to state a due process claim.

To the extent that Plaintiff's complaint presents allegations that Defendants' actions violated state law or policy, this Court declines to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and where all federal claims are dismissed prior to trial, the court ordinarily should dismiss the state-law claim without reaching its merits. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: 1/5/2011            /s/ R. Allan Edgar
                           R. Allan Edgar
                           United States District Judge